IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| TODD BATTS, Register No. 166268, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4150-CV-C-SOW |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT, RECOMMENDATION AND ORDER**

On September 11, 2007, defendants Correctional Medical Services, Inc., Thoenen, Sands and Garcia filed a motion to dismiss for plaintiff's failure to properly exhaust his administrative remedies. Plaintiff responded in opposition to dismissal and indicates he was unaware he could file a grievance, and that he did attempt to exhaust once he learned of the procedure. Defendants replied, and the matter is now fully submitted.[1]

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

must use all steps that the Department of Corrections requires and must follow such steps properly.  Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies).  A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.  Id.

In this case, plaintiff did not attempt to exhaust his administrative remedies until approximately nine months after he injured his ribs when he fell while getting off a bus.  The Offender Grievance Policy permitted plaintiff to file a grievance, bypassing the informal resolution request process, within 15 calendar days after his transfer to a different institution.  He failed to do so, and his grievance was denied as untimely.

The Supreme Court has interpreted 42 U.S.C. § 1997(e) to mandate that the commencement of the administrative remedies process begin within the time limits imposed by the particular process at issue.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  Woodford v. Ngo, 126 S. Ct. at 2386.

A claim that an individual was unaware of the procedures or the deadlines does not waive this requirement.  Accordingly, dismissal is mandated by the statute.

IT IS, THEREFORE, ORDERED that plaintiff's motion of October 17, 2007, for appointment of counsel is denied.  [20]  It is further

RECOMMENDED that defendants' motion of September 11, 2007, be granted and plaintiff's complaint be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997(e), for failure to exhaust administrative remedies.  [9]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time

to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 30th day of October, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge